# IN THE SUPREME COURT OF THE STATE OF NEVADA

CITIMORTGAGE, INC., A NEW YORK
CORPORATION,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 70237

FILED

JAN 1 8 19

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly granted summary judgment in favor of respondent on appellant's unjust enrichment counterclaim based on the voluntary-payment doctrine. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court's summary judgment). In granting summary judgment, the district court recognized this court's holding in *Nevada Ass'n Services v. Eighth Judicial District Court* that the defense-of-property exception to the voluntary-payment doctrine is inapplicable "when a lien is not subject to ongoing or imminent foreclosure proceedings." 130 Nev. 949, 958, 338 P.3d 1250, 1256 (2014). Appellant has not addressed the district court's conclusion, other than to summarily state that it paid property taxes "to avoid tax foreclosure by the county," but there is no evidence in the record to suggest that a tax foreclosure sale was ongoing or imminent. Accordingly, we affirm the district court's summary judgment against appellant on its unjust enrichment counterclaim.

19-02933

However, we conclude that the district court erred in granting summary judgment for respondent on the parties' competing quiet title and declaratory relief claims. Although the district court recognized that appellant's proffered evidence (deposition testimony of appellant's NRCP 30(b)(6) witness, affidavit, and relied-upon business records) was sufficient to make a prima facie showing that appellant was servicing the loan on Fannie Mae's behalf,[1] it nevertheless concluded that appellant had not produced evidence that Fannie Mae authorized appellant to pursue Fannie Mae's rights. We disagree with the district court's reasoning. Although a "loan servicer administers a mortgage on behalf of the loan owner, and the rights and obligations of the loan servicer are typically established in a serving agreement," *Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 133 Nev., Adv. 247, 250, 396 P.3d 754, 757 (2017), appellant was not required to introduce the actual servicing contract that it entered into with Fannie Mae. Rather, the evidence that appellant was Fannie Mae's loan servicer, combined with the authorizations in the Fannie Mae Servicing Guide that are generally applicable to Fannie Mae's loan servicers, was sufficient to show that appellant was authorized to argue that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116. *Cf. Berezovsky v. Moniz*, 869 F.3d 923, 932-33 & n.8 (9th Cir. 2017) (determining similar evidence was sufficient to establish

---

[1]Respondent does not meaningfully contest the district court's decision to admit this evidence. Although respondent contends that appellant's evidence does not establish that Fannie Mae owned the loan at the time of the HOA foreclosure sale, we disagree. Appellant's NRCP 30(b)(6) witness attested that Fannie Mae continually owned the loan after the January 2010 transfer, which she presumably confirmed based on her review of the relied-upon business records and an absence of any subsequent transfer in those records.

Freddie Mac's contractual authorization of its loan servicer in the absence of contrary evidence).[2]

Additionally, we conclude that appellant's status as the recorded deed of trust beneficiary does not create a question of material fact regarding whether Fannie Mae owns the subject loan, as this court has recognized that such an arrangement is acceptable and common.[3] *See In re Montierth*, 131 Nev. 543, 548, 354 P.3d 648, 651 (2015) (relying on the Restatement (Third) of Prop.: Mortgages § 5.4 cmts. c & e (1997)); *Berezovsky*, 869 F.3d at 933 (same). Thus, in the absence of contrary evidence from respondent, the record demonstrates that Fannie Mae owns the loan and that appellant is Fannie Mae's loan servicer with standing to argue that the Federal Foreclosure Bar preempts NRS 116.3116. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

---

[2]We recognize that *Berezovsky* was published after the district court rendered its summary judgment in this case and that the district court therefore did not have the benefit of *Berezovsky*'s analysis of the pertinent issues.

[3]Albeit in a different section of its answering brief, we note that respondent likewise recognizes that such an arrangement is acceptable and common.

cc:    Hon. Linda Marie Bell, District Judge
       Michael H. Singer, Settlement Judge
       Akerman LLP/Las Vegas
       Kim Gilbert Ebron
       Fennemore Craig P.C./Reno
       Arnold & Porter Kaye Scholer LLP
       Eighth District Court Clerk